**UNITED STATES of America,
Appellee,**

v.

**Robert Gean SMITH, Appellant.**

**No. 71–1195.**

United States Court of Appeals,
Eighth Circuit.

Dec. 1, 1971.

Terrance A. Hopkins, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before JOHNSEN, Senior Circuit Judge, and GIBSON and LAY, Circuit Judges.

PER CURIAM.

The appeal is from a conviction under 18 U.S.C. § 922(g) for the transporting by a prior felon of a .32 caliber revolver from Minneapolis, Minnesota, to Des Moines, Iowa. The only substantial question involved is the denial of appellant's motion to suppress the loaded revolver, a holster, and a box of .32 caliber bullets as having been obtained by illegal search and seizure. We affirm.

Appellant was stopped, while driving his car on the streets of Des Moines, Iowa, at about 3:00 a. m., and placed under arrest by an Iowa State Patrolman on a larceny offense which had occurred in another county. He was frisked and the further precaution taken of looking for a weapon under the front seat and in the glove compartment of the car. No search was made of the back seat of the car where some luggage was located. A Des Moines towing service was called and the car taken to the latter's storage garage in impoundment. The Sheriff of the county where the larceny had occurred picked up the appellant the next day at the Des Moines City Jail and transported him to Eldora, the county seat.

Bail in the amount of $1,000 was fixed for appellant on the larceny charge, which he was not able to provide. While he thus was kept under confinement in the County Jail at Eldora, he told the Sheriff that he would like to have his car brought from Des Moines to Eldora, because he had a check for some $1,200 in his luggage which he desired to use to try to arrange bail. He asked the Sheriff if he would not pick up the car in Des Moines and drive it to Eldora. Together with his attorney, appellant signed an authorization for the Sheriff to be given possession of the car and to drive it to Eldora.

A Deputy Sheriff went to Des Moines, picked up the car and drove it to Eldora, in accordance with appellant's authorization and request to do so. Some beer cans and some paper food sacks or take-out bags were lying on the floor board of the front seat on the right-hand side. They had been there at the time of appellant's arrest and were observed by the State Patrolman, but were not touched by him. The Deputy Sheriff, however, as driver of the car, moved the sacks and beer cans around on the floor and then saw a gun holster. He left the holster lying on the floor board, but reported its presence to the Sheriff and the presence also of a shotgun shell on the front seat. The shotgun shell, too, had been seen by the Patrolman at the time of appellant's arrest, but he apparently regarded it as not involving any safety threat in relation to the arrest and as further not hav-

ing any significance in relation to the larceny offense.

The Sheriff had meanwhile had a check made on appellant and learned that he was a prior felon. He accordingly went out to the car after his Deputy's report, looked through the window and saw the holster and the shotgun shell. He decided to have a warrant issued in order to make a search of the car on the possible firearms offense and executed an information therefor, stating that "I have been advised through normal police channel that Robert Gean Smith is a convicted felon, and I did observe, without searching, a small holster on the floor board of the above-described vehicle, leading me to believe that Robert Gean Smith is in possession of firearms in violation of the Federal 'Gun Control Act of 1968' ". A warrant was issued by a Police Judge authorizing a search to be made of appellant's car for "guns and firearms". Search of one of the luggage bags on the back seat of the car revealed the gun and the box of bullets which, together with the seized holster, were made the object of the motion to suppress.

No attack has been made on the validity of the warrant or the search and seizure conducted under it, except in respect to the legality of the Deputy Sheriff's touching and moving the paper sacks, in such lead and relationship as had been involved therein to the issuance of the warrant. Without anything more, however, such a touching or moving of some loose paper sacks and beer cans of apparent debris, lying on the front floor board of a car, by one to whom the owner has given authority as an invitee to operate the vehicle cannot, in our opinion, be held to represent an invasion by the driver of any protected privacy of the owner. The owner could hardly reasonably expect that such an accumulation, on its character and in its position, would normally be regarded as involving some aspect of possible personal privacy and thus not properly subject to being at all touched, pushed or moved by an invitee driver.

The Deputy Sheriff here had the status of an invitee driver. He was not driving the car in official obligation, but only for the personal purpose of and as a personal favor to appellant. We are not able to see how in this situation a constitutionally protected privacy would any more exist as to the exposure which resulted than there would be as to one which might occur from a picking up in a home or a hotel room of a newspaper or a magazine from a table or dresser by an invitee guest therein, whether officer or civilian. The privacy and security protected by the Constitution must be of a character and involving conditions which are reasonably entitled and intended to provide a right of reliance. Cf. Hoffa v. United States, 385 U.S. 293, 301–302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374.

We find no merit in the contentions that appellant had not been given sufficient *Miranda* warning by the state officers or that he was without effective and adequate representation by his privately employed counsel at the trial. We take occasion to add that counsel appointed for appellant on the appeal has given him most full and able representation.

Affirmed.